UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 26-cr-10053-AK |
| | ) | |
| LOGAN PATTERSON, | ) | |
| | ) | |
| Defendant | ) | |

# GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully submits this sentencing memorandum in connection with the sentencing of defendant Logan Patterson, which is scheduled for October 1, 2026. The government previously filed a sentencing memorandum with respect to co-defendant Dominick Cardoza (Dkt. 29), whom the Court will sentence the same day. The government's recommendation as to Patterson is consistent with its recommendation as to Cardoza, as set forth below.

The defendant pleaded guilty to conspiring to damage a building by means of an explosive—namely, by setting off a large firework in a Harvard Medical School building with Cardoza in the early hours after last Halloween. Based on the applicable Guidelines sentencing range and the factors under 18 U.S.C. § 3553(a), including the defendant's personal history and characteristics, the government recommends a sentence of six months of home confinement at the beginning of a 36-month term of probation. The government further requests that the Court order full restitution in the amount of $28,517.70 (joint and several with co-defendant Cardoza).

## OFFENSE CONDUCT

The defendant (then 18) and Cardoza (then 20) attended high school together and subsequently socialized with each other. On Halloween 2025, they traveled to Boston to party

with friends at the Wentworth Institute of Technology ("Wentworth"). From Wentworth, the defendant, Cardoza, and others attended parties at other area universities before returning to the Longwood Medical Area.

Between 2:00 and 3:00 a.m., the defendant and Cardoza walked to the Harvard Medical School ("HMS") campus, wearing face coverings and lighting Roman candles. They then approached the Goldenson Building on the HMS campus, which was under renovation. The defendant and Cardoza climbed over a chain-link fence, entered the construction area, and climbed scaffolding to enter the building through its roof access.

The defendant and Cardoza went to the fourth floor of the building, which housed a neuroscience laboratory. While in the hallway, the defendant lit a large commercial firework, while Cardoza used his phone to take video. After lighting the firework, the defendant tossed it into a wooden locker, closed the locker door, and ran away from the locker. The resulting explosion blew the door off the locker, sent debris throughout the hallway, and set off the building's fire alarms.

The defendant and Cardoza then fled from the building in opposite directions. They later met up back at Wentworth and spent the rest of the evening in the defendant's truck. In the days that followed, the defendant and Cardoza shared the video of the explosion with friends and joked about the incident.

**SENTENCING GUIDELINES CALCULATION**

The parties' plea agreement and the Probation Office's presentence investigation report ("PSR") reach the same advisory Guidelines range of 0 to six months, albeit through slightly different calculations. The plea agreement uses a loss enhancement based on the information that Harvard initially provided the government regarding its losses from the offense, while the PSR

reflects a final accounting of the university's maintenance, clean-up, and repair expenses. Moreover, the plea agreement does not take the position that the firework that the defendants set off was a "dangerous weapon" that would disqualify them from receiving a two-point reduction for being "zero-point offenders" under U.S.S.G. § 4C1.1.

The advisory range is within Zone A, such that the Guidelines authorize a sentence of probation with a period of community confinement, home detention, or intermittent confinement.

**SENTENCING RECOMMENDATION**

The government respectfully submits that the nature and circumstances of the offense and the defendant's personal history and characteristics do not merit a sentence of incarceration. However, the need to deter similar conduct justifies some meaningful deprivation of the defendant's liberty. The government therefore recommends that the Court sentence the defendant to 36 months on probation with the first six months on home detention.

The defendant committed a serious offense, even if that offense was motivated by immaturity and revelry rather than more serious intentions to cause damage or fear. The defendants trespassed on a university building in the middle of the night wearing face coverings, exploded a firework that caused significant property damage and public alarm, and fled the scene.

The defendant's actions prompted a heavy response from numerous law enforcement authorities. Immediately following the explosion, the Harvard University Police Department ("HUPD") responded to the alarms and observed two subjects fleeing the Goldenson Building. At that time, HUPD knew not the source of the explosion, the identities of the perpetrators, or the motives behind the explosion. The Boston Fire Department Arson Unit responded to the incident and determined that the explosion had been intentional. The Boston Police Department swept the building for additional devices. Over the next several days, the Federal Bureau of Investigation

("FBI") worked with HUPD and other state, local, and campus authorities to identify the subjects, the explosive, and the motive behind the explosion. An FBI Bomb Technician inspected the explosive and determined it to be a pyrotechnic device—namely, a large, commercial firework. HUPD and HMS sent warning messages and updates to the HMS community, while Wentworth police interviewed students who came forward with information about the defendants.

The defendant's actions spread fear and uncertainty within an academic community. Reports of the explosion sparked initial shock and concern. While the investigation later revealed the circumstances of the explosion and quelled anxiety, the defendants were responsible for a significant disruption to the university's calm and functioning.

At the same time, the defendants did not act with threatening motive. Their intentions appear to have been no deeper than causing mischief while roaming the neighborhood after attending Halloween parties. There is no indication that the defendants targeted HMS or intended to cause harm to others or to prompt the intense response that followed. In fact, their messages with friends after the incident suggest that they were surprised by the consequences of their actions. This was a thoughtless rather than calculated offense.

The defendant's personal history and characteristics also caution against a prison sentence. The defendant is an immature young man transitioning to adulthood. He has received vocational training in carpentry but has not yet established a solid employment history. He has no criminal record, and the PSR describes no factors that suggest that the defendant presents a risk of reoffending. A sentence that substitutes a term of home confinement for prison would permit the defendant to remain gainfully employed.

The defendant has accepted responsibility for his conduct, and the government does not foresee a clear need for specific deterrence. However, the need for general deterrence calls for

some restriction on the defendant's liberty beyond the restitution he will owe. The Court should impose a sentence that deters similar disregard for property and public safety and promotes respect for the law. A sentence that includes a term of six months of home confinement would appropriately address this defendant's conduct and serve the purposes of sentencing.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to three years of probation with the first six months on home confinement and order full restitution to the victim in the amount of $28,517.70 (joint and several with co-defendant Cardoza).

Respectfully submitted,

LEAH B. FOLEY
UNITED STATES ATTORNEY

By: */s/ David M. Holcomb*
DAVID M. HOLCOMB
ASSISTANT U.S. ATTORNEY

Date: September 16, 2026

**Certificate of Service**

I, David M. Holcomb, certify that this document will be sent by email to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: September 16, 2026

*/s/ David M. Holcomb*
Assistant United States Attorney